JON ROGER MOSS, ESQ. (#36082)
348 33rd Street
Hermosa Beach, CA 90254
Tel: (310) 318-5841
Email: dad4477@aol.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CAMPBELL, on behalf of himself and other persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BOSLEY MEDICAL INSTITUTE, INC. D/B/A BOSLEY, INC.,<br><br>Defendant. | Case No. 2:17-CV-1555<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Campbell brings this Class Action Complaint and Demand for Jury Trial against Defendant Bosley Medical Institute, Inc. d/b/a Bosley, Inc. ("Bosley") to stop its practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Bosley is the leader in medical hair restoration and hair loss solutions.[1]

2. In order to obtain more clients, Bosley sent text message advertisements to consumers' cellular telephones.

3. Bosley did not obtain prior express consent from such consumers to make such text message calls and, therefore violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Bosley made these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Bosley with their prior express consent to receive such text messages.

5. By sending spam text messages, Bosley has violated the privacy and statutory rights of Plaintiff and the Class and caused them harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unsolicited text message calls.

---

[1] https://www.bosley.com/about (last visited on November 10, 2016)

CLASS ACTION COMPLAINT

- 2 -

6. As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Bosley to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff is a natural personal and citizen of the state of Louisiana.

8. Defendant Bosley is a Beverly Hills-based, for-profit corporation organized under the laws of Delaware. Bosley conducts business throughout California and the United States.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because Bosley resides in this District.

## COMMON FACTUAL ALLEGATIONS

11. In an effort to solicit more clients, Defendant Bosley sent (or directed to be sent on its behalf) unsolicited text messages, without consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*. As a result, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

12. Given the relatively low cost associated with sending bulk text messages, many marketers have turned to disseminating advertisements or promotions through mass text message campaigns.

13. Seeking to market its services to consumers throughout the United States and, in turn, grow its customer base, Bosley engaged in this especially invasive form of advertising.

14. Over the last four years, Bosley sent unauthorized text messages to the phones of thousands of consumers across the country.

15. The nature of the text messages sent by Bosley indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Bosley has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Bosley's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

16. In fact, the promotional text message calls alleged herein were exclusively made and initiated by Bosley and not by any consumer. Bosley made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

17. While Bosley sent these unauthorized text messages to consumers to market its services, it never obtained recipients' consent to do so.

18. Through its conduct, Bosley has caused consumers actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only

CLASS ACTION COMPLAINT

- 4 -

subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

19. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Bosley's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

### FACTS SPECIFIC TO PLAINTIFF CAMPBELL

20. Bosley sent numerous text messages from telephone number 887-94 to Plaintiff's telephone number, such as the following text message received by Robert Campbell on August 12, 2016:

CLASS ACTION COMPLAINT

- 5 -

> **Messages (1) 887-94**                    Details
>
> Text Message
> Fri, Aug 12, 5:01 PM
>
> Time is running out! Summer Special – Extra $500 Off your Bosley procedure, if done by 8/31/16. Conditions apply. Call 866-647-4247. To opt out reply STOP

21. As of the filing of this lawsuit, Plaintiff still receives unsolicited text messages from Defendant on a regular basis.

22. Plaintiff did not provide any form of prior express consent to receive text messages from Defendant.

23. Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

24. Defendant was and is aware that the above-described text message calls were being made on a widespread basis, and that the text message calls were being made to consumers who had not consented to receive them.

CLASS ACTION COMPLAINT

- 6 -

25.     Defendant negligently and willfully violated Plaintiff's privacy rights under the TCPA because Defendants knew or showed reckless disregard for the fact that their marketing practices violated the TCPA. Defendants were and are aware of the custom and practice obtaining consent before sending unsolicited, automated text and phone calls from their experience and expertise in the industry in which they work.

## CLASS ACTION ALLEGATIONS

26.     **Class Definition:** Plaintiff Campbell brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Bosley, or someone on Bosley's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent of the called party within the previous four years.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

27.     **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent promotional text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

28. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**The Class:**

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent promotional text messages to persons who did not previously provide it with prior express consent to receive such text message ca1ls; and

(d) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Typicality:** Plaintiffs claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

28. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to

Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

29. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

30. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION

**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. In an effort to obtain clients, Bosley made unsolicited and unwanted text message calls to Plaintiff and the Class's cellular telephones without their prior express consent.

33. Bosley sent the promotional text messages to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

34. Bosley utilized equipment that sent the promotional text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

35. By sending the promotional text messages to Plaintiffs and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Bosley violated 47 U.S.C. § 227(b)(I)(A)(iii).

36. As a result of Bosley's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

37. Because Bosley's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

38. Additionally, as a result of Bosley's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Bosley's violations of the TCPA do not continue into the future.

CLASS ACTION COMPLAINT

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Robert Campbell, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Robert Campbell as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA

(d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

CLASS ACTION COMPLAINT

*Respectfully submitted:*

*/s/ Jon Moss*

———————————————
JON ROGER MOSS, ESQ. (#36082)
348 33rd Street
Hermosa Beach, CA 90254
Tel: (310) 318-5841
Email: dad4477@aol.com
*Attorney for Plaintiff*


*/s/ William H. Beaumont*

———————————————
**BEAUMONT COSTALES LLC**
Roberto Luis Costales[2]
William H. Beaumont[3]
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
Facsimile:  (504) 272-2956
*Attorneys for Plaintiff*

---

[2] *Pro hac vice* to be applied for
[3] *Pro hac vice* to be applied for

CLASS ACTION COMPLAINT

- 12 -